■ In the Matter of JEFFREY CATENA, Respondent, v VILLAGE OF SOUTHAMPTON, Appellant. [735 NYS2d 563] —In a proceeding pursuant to CPLR article 78 to compel the Village of Southampton to reinstate the petitioner to his position as maintenance mechanic, with full back pay and benefits, the Village of Southampton appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated July 5, 2000, which granted the petition to the extent of directing it to reinstate the petitioner with 60 days full back pay and benefits.

Ordered that the judgment is modified by deleting the provision thereof directing the Village of Southampton to pay the petitioner 60 days full back pay and benefits; as so modified, the judgment is affirmed, with costs.

The petitioner stipulated to his guilt of misconduct, and, as such, the finding of guilt is supported by substantial evidence (*see,* 300 *Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). However, under all of the circumstances, the penalty of dismissal was so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). The petitioner had 10 years of satisfactory service, and the misconduct was an isolated event (*see, Matter of Rapkiewicz v Middle Country School Dist.,* 273 AD2d 392; *Matter of Tiano v Middle Country School Dist.,* 273 AD2d 396). We find, therefore, that the Supreme Court properly granted the petition to reinstate the petitioner.

The Supreme Court erred, however, in awarding 60 days full back pay and benefits based on its conclusion that the petitioner was suspended for 60 days without pay or benefits. The record establishes that the petitioner was suspended for a period of only 30 days, and, under the circumstances, the petitioner's suspension for 30 days without pay or benefits is an appropriate penalty. Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.